UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUNO CHOINIERE, #08346027

       Plaintiff,

                                               Case Number: 2:08-CV-13488
                                               Honorable George Caram Steeh
v.                                              Magistrate Judge Virginia M. Morgan

PATRICK J. DUGGAN, et. al.,

       Defendants.

_____/

**OPINION & ORDER GRANTING PLAINTIFF'S
MOTION TO VOLUNTARILY DISMISS HIS
COMPLAINT WITHOUT PREJUDICE**

      Plaintiff, Bruno Choiniere, a federal prisoner currently confined at FCI Milan in Milan, Michigan, filed a *pro se* civil rights complaint claiming that he has been excessively punished and subjected to bodily injury by corrupt Bureau of Prisons' employees and other government officials. Plaintiff's complaint filing was deficient because he failed to pay the $350.00 filing fee for a civil action, and further failed to apply in the manner required by law to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(2); *McGore v. Wrigglesworth,* 114 F.3d 601, 605 (6th Cir. 1997).

      Consequently, the Court issued an "Order of Deficiency for Prisoner Civil Action." The Deficiency Order required the Plaintiff to submit: (i) an Application for Prisoner to Proceed Without Prepayment of Fees and Costs, Certification Regarding Trust Fund Account, a current Certification/Business Manager's Account Statement, and a statement of Trust Fund Account activity (or institutional equivalent) for the six-month period

immediately preceding the filing of the complaint; or (ii) the $350.00 filing fee.  The Deficiency Order provided that if the Plaintiff did not correct the deficiency within thirty (30) days from the date of the Deficiency Order, the complaint would be dismissed.  Prior to the time for compliance with the Deficiency Order had elapsed, Plaintiff  filed a motion to voluntarily dismiss his complaint without prejudice citing an error in filing the action with this Court.

Federal Rule of Civil Procedure 41(a)(2) governs voluntary dismissals,  which states in part, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  In this case, the Plaintiff is entitled to a voluntary dismissal of his complaint because there is no evidence that the defendants will suffer some plain prejudice from the dismissal.  Additionally, although the Court is not making a judgment on the merits of Plaintiff's complaint, it does not appear that the named party defendants are subject to liability, nor that Plaintiff has stated a claim upon which relief can be granted.

Accordingly, it is **ORDERED** that Plaintiff's "Motion to Dismiss this Case at Bar Without Prejudice Due to Being Filed in Error by this Court" [Dkt.# 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**

Dated:  February 5, 2009

                                                  S/George Caram Steeh
                                                  GEORGE CARAM STEEH
                                                  UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 5, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk